**ORIGINAL**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-1945
Facsimile:  (212) 637-2750
E-mail: matthew.schwartz@usdoj.gov

JUDGE BRIEANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                     :

UNITED STATES OF AMERICA,      :

        Plaintiff,      :

      v.               :

SOUTH FALLSBURG, LTD., JOHN DOES  :
NOS. 1-10 and JANE DOES NOS. 1-10, :

      Defendants.      :

- - - - - - - - - - - - - - - - - -x

ECF CASE

<u>COMPLAINT</u>

08 CV 0218

      Plaintiff, United States of America ("the United States" or "the Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, herein alleges for its complaint upon information and belief as follows:

<u>INTRODUCTION</u>

      1.  This is an action brought by the United States on behalf of its agency the United States Department of Agriculture (the "USDA"), to foreclose a mortgage on property located at 21 Whittaker Road, South Fallsburg, in the Town of Fallsburg, County

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED

of Sullivan and State of New York, within the Southern District
of New York (the "Mortgaged Property").

### JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter
pursuant to 28 U.S.C. § 1345.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b),
because the Mortgaged Property is located within the Southern
District of New York.

### THE PARTIES

4.   Defendant South Fallsburg, Ltd.("Borrower") is a
limited partnership under the Partnership Laws of New York State
with an office at 200 N. Washington Square, Suite 20, Lansing,
Michigan 48933.

5.   John Does Nos. 1-10 and Jane Does Nos. 1-10 may be
persons or parties in possession of, having, or claiming an
interest in or lien on the Mortgaged Property.

### FACTS AND CLAIMS FOR RELIEF

6.   On or about April 1, 1988, Borrower executed and
delivered a secured promissory note to USDA in the principal
amount of $909,990.00, plus interest at the rate of 9.0% annually
("the Note").  A true and correct copy of the Note is attached
hereto as Exhibit A.

7.   On April 1, 1988, to secure payment of the Note,
Borrower also executed and delivered a Real Estate Mortgage ("the

Mortgage") with the Note in favor of USDA covering the Mortgaged Property, as more fully described therein.  The Mortgage was recorded on April 4, 1988, in the Sullivan County Clerk's Office, in Liber No. 1359 of Mortgages at Page 337.  A true copy of the Mortgage is attached hereto as Exhibit B.

8. To protect its interest in the Mortgaged Property, the USDA paid real estate taxes on the Mortgaged Property.  True and correct copies of purchase orders documenting the payment of these real estate taxes are attached hereto as Exhibit C.

9. The Note and the Mortgage required Borrower to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Mortgaged Property, and to keep the Mortgaged Property insured. The Mortgage further provided that in the event of a default in making such payments, the Government was authorized to make such payments as advances for the account.  Pursuant to the terms of the Mortgage, such advances together with the interest thereon are immediately due and payable by Borrower to the Government, without demand, and are secured by the Mortgage.

10.  On or about January 16, 2007, a notice of default and demand letter was sent to Borrower via certified mail.  In that letter, the USDA advised Borrower that due to the continued failure to make the required mortgage payments, and in accordance with the terms of the Mortgage and Note, the indebtedness due on

3

the Note was accelerated and deemed to be immediately due and payable. A true and correct copy of the January 16, 2007 letter is annexed hereto as Exhibit D.

11. Despite the demands for payment, Borrower has failed to make the installment payments required by the Note and the Mortgage, or otherwise made payments sufficient to render the loan current. On account of Borrower's default, the entire outstanding balance of principal and interest is now due.

12. The Borrower further failed to make the necessary tax and/or insurance payments on the Mortgaged Property, thereby requiring the USDA to advance such payments to protect its interest.

13. As of January 4, 2008, Borrower was justly indebted to the United States as follows: $904,349.59 in principal, $323,803.18 in interest on the principal and $141,174.49 in advances, plus $11,344.36 in interest on the advances plus $28,095.00 in unpaid overage charges, for a total of $1,408,766.62. Interest continues to accrue on the principal balance at the rate of $60.14 daily.

14. In order to protect its security interest, the United States may be compelled, during the pendency of this action, to pay taxes, assessments, water or sewer rates, water charges, insurance premiums, and any other charges affecting the Mortgaged Property. Plaintiff requests that any sums so paid be

4

added to the sum otherwise due, be deemed secured by the Mortgage, and adjudged a valid lien on the Mortgaged Property.

15. In order to protect the Mortgaged Property, paragraph 21 of the Mortgage provides, "Should the Borrower DEFAULT on any of its obligations under any Loan Instrument, merge, dissolve, be declared bankrupt or insolvent, or make an assignment for the benefit of creditors, without Notice the Government may (a) accelerate the entire indebtedness secured by this instrument by declaring it immediately due and payable; (b) charge the Borrower's account for any reasonable expenses which the Government may pay or incur to maintain and repair the Property; (c) process, operate and rent the Property; (d) have a receiver appointed for the Property who may exercise the usual powers of receivers in similar cases; (e) foreclose this and any other Loan Instrument and sell the Property; (f) enforce any and all other rights and remedies provided in the Loan Instruments or by future or present laws."

16. No other action has been commenced at law or otherwise for the recovery of the sum, or any part thereof, secured by the Note and Mortgage.

WHEREFORE, plaintiff, United States of America, requests that judgment be entered in its favor and against the defendants, as follows:

(a) declaring South Fallsburg, Ltd. in default on the Note and Mortgage;

(b)  adjudicating and awarding the amount due plaintiff on the Note and Mortgage, including interest thereon;

(c) ordering that the named defendants, and all other persons whose claims are subsequent to or recorded after the filing of notice of pendency of this action in the office of the Clerk of Sullivan County in the State of New York, be forever barred and foreclosed from all right, title, claim, lien or other interest in the Mortgaged Property;

(d)  directing the foreclosure and sale of the Mortgaged Property with the proceeds to be first applied to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Note and Mortgage, with interest to the date of payment, plus costs and disbursements of this action;

(e) appointing a receiver to manage the Mortgaged Property and to collect rents and income pending foreclosure and sale; and

(f) awarding such further relief as is proper.


Dated:    New York, New York
          January 10, 2008

                                    MICHAEL J. GARCIA
                                    United States Attorney


                          By:    _____
                                    MATTHEW L. SCHWARTZ
                                    Assistant United States Attorney
                                    86 Chambers Street
                                    New York, New York  10007
                                    Telephone: (212) 637-1945
                                    Facsimile: (212) 637-2750
                                    E-mail: matthew.schwartz@usdoj.gov

7

Form FmHA 1944-52
(4-85)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| KIND OF LOAN |
|---|
| Title V of the Housing Act of 1949 |
| ☐ Sec. 523 or 524 Rural Housing Site |
| ☐ Sec. 514 Labor Housing |
| ☒ Sec. 515 Rural Rental Housing |
| ☐ Other Real Estate |

**MULTIPLE FAMILY HOUSING**

**PROMISSORY NOTE**

| STATE | COUNTY |
|---|---|
| NEW YORK | SULLIVAN |
| CASE NO. | |
| 37-53-382624456 | |
| PROJECT NO. | |
| 01-9 | |

Date _____ APRIL 1 _____ , 19 88 .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower".) jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in P.O. BOX 7145, NEWBURGH, NEW YORK 12550 ,

THE PRINCIPAL SUM OF NINE HUNDRED NINE THOUSAND, NINE HUNDRED NINETY AND 00/100

DOLLARS ($ 909,990.00 ), plus **INTEREST** on the **PRINCIPAL** of

NINE PERCENT ( 9 %) PER ANNUM.

Payment of the Principal and Interest shall be as agreed between the Borrower and the Government as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____ , 19_____

shall be added to the Principal. The new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of the

new Principal herein $ _____ and the amount of regular installments in the box below, when determined:

☒ II.    Payments shall not be deferred. Principal and Interest shall be paid in ___ 600 ___ installments as indicated in the box below:

☐ III.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each month beginning on _____ , 19_____ , through _____ , 19_____ .

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

| |
|---|
| $ 6,902.91 on MAY 1 , 19 88 , and |
| $ 6,902.91 thereafter on the 1 ST of each MONTH until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** FIFTY ( 50 ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of each advance in the Record of Advances.

Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower providing the loan is in a current status. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Prepayment restrictions must be considered if the Borrower is subject to these restrictions and the prepayment of scheduled installments will cause the loan to be repaid prior to the expiration of the restricted repayment period.

**CREDIT ELSEWHERE CERTIFICATION:**  Borrower hereby certifies inability to obtain sufficient credit elsewhere to finance the actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near the community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

**TRANSFER OF TITLE:**  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased (except individual units leased to tenants), assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.

**GRADUATION AGREEMENT:**  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. When the Borrower is subject to prepayment restrictions, refinancing will not be required until such restrictions are exhausted.

**CREDIT SALE TO INELIGIBLE BORROWER:**  The provisions of the paragraphs entitled "Credit Elsewhere Certification", and "Graduation Agreement" do not apply if (1) this promissory note represents in whole or in part, payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the Borrower as an ineligible Borrower under Title V of the Housing Act of 1949, as amended and regulations issued thereunder. As long as the promissory note remains unpaid, the property purchased with this loan shall not be sold or transferred, either voluntarily or involuntarily, unless the Government consents to such transaction in writing.

**DEFAULT:**  Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations and provisions hereof.

Presentment, protest, and notice are hereby waived.

No partner of South Fallsburg, Ltd., including a general partner, shall be held personally liable hereunder, and, in the event of default, Lender's sole recourse shall be limited to the assets of South Fallsburg, Ltd.

SOUTH FALLSBURG, LTD., a limited partnership

BY:  E-T-M ENTERPRISES, INC., General Partner

(Corporate Seal)

ATTEST: _____

David Mohnke
Assistant Secretary

By: _____  (SEAL)

David Mohnke, President  *(BORROWER)*

BY:  INDIANA DEVELOPMENT COMPANY LIMITED PARTNERSHIP,
General Partner _____  (SEAL)

*(BORROWER)*

BY: Warren Real Estate Group, Inc., General Partner

BY: _____  *(ADDRESS)*

David Mohnke

(Corporate Seal)

ATTEST: _____

Bruce Michael

200 Washington Square, Suite 20
Lansing, MI  48933

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |



LIBER **1359** PAGE **337**

REAL ESTATE MORTGAGE FOR NEW YORK

THIS MORTGAGE is made and entered into ___April 1, 1988___, by South Fallsburg, Ltd. whose post office address is Box 40, Quaker Street, New York 12141, herein called "Borrower", and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, with an office at Room 871, Federal Building, 100 South Clinton Street, Syracuse, New York 13260, herein called "Government", and:

WHEREAS the Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called the "Note", which has been executed by the Borrower, is payable to the order of the Government, may provide for the deferral and capitalization of interest plus principal (described below as "Maximum Amount Financed"), authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is further described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Maximum Amount Financed | Due Date of Final Installment |
|---|---|---|---|---|
| April 1, 1988 | $909,990 | 9% | $916,588 | April 1, 2038 |

The Government may assign the Note at any time.  The Government may also insure payment of the Note pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statute administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the Borrower's obligations and covenants under other instruments delivered in connection with the loan evidenced by the note, including the Borrower's Loan Agreement, Security Agreement, and any deferral, reamortization, rescheduling or consolidation subsequent hereto.  The Note, Loan Agreement, Security Agreement and this mortgage together with any supplements, attachments, modifications or additions are collectively referred to as the "Loan Instruments."

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes

LIBER1309 PAGE 338

authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved.

NOW THEREFORE, in consideration of the loan(s) the Borrower hereby mortgages, assigns, grants and conveys to the Government, the following property in Sullivan County, New York: Town of Fallsburg, County of Sullivan, State of New York

BEGINNING at a point on the southerly boundary of Whittaker Road where the same is intersected by the westerly boundary of lands now or formerly Goldberg (Liber 998, Page 248) and running thence along the westerly boundary of lands now or formerly Goldberg S18°02'00"W a distance of 400.10 feet to a point; thence along the northerly boundary of lands now or formerly Goldberg N72°07'00"W a distance of 314.72 feet to a point; thence along the easterly boundary of lands to be conveyed to Kaynes, Rosenzweig, Sydney & Loutzkwe the following three (3) courses and distances:

1.  N18°02'00"E a distance of 295.00 feet to a point,

2.  S72°07'00"E a distance of 3.00 feet to a point,

3.  N18°02'00"E a distance of 105.00 feet to a point;

thence along the first mentioned southerly boundary of Whittaker Road S72°07'00"E a distance of 276.02 feet to a point; thence along the same S72°17'00"E a distance of 35.70 feet to the point of beginning, containing 2.8828 acres.

SUBJECT to utility grants and easements of record.

TOGETHER with all the improvements, tenements and appurtenances now or hereafter erected on the property, and all easements, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, all leasehold rights of any kind, and all fixtures now or hereafter attached to or used in connection with the property, including, but not limited to, all plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, washers, dryers, awnings, screens, blinds, shades, storm windows, storm doors, antennas, attached floor coverings, trees and plants; all of which including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this instrument; and all payments at any time owing to the Borrower by virtue of any sale, lease, transfer, conveyance or condemnation of any part thereof or interest therein -- all of which are herein collectively referred to as the "Property".

LIBER 1359 PAGE 339

THIS MORTGAGE is also intended as a Financing Statement covering fixtures which are affixed or which may become affixed to the above-described property. The types of collateral covered hereby are described in the preceding paragraph.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

The Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the rights to mortgage, grant, and convey the Property, and that the Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to easements and restrictions of record.

THIS MORTGAGE SHALL SECURE (a) payment of the Note in accordance with its terms, including any extensions or renewals thereof, whenever the Note is held by either the Government or by an uninsured holder; (b) repayment, with interest, of any payments, advances and expenditures made by the Government pursuant to the terms of this or any other Loan Instrument; and (c) performance of every covenant and agreement of the Borrowers contained in this or any other Loan Instrument.

The Borrower, for itself, its successors and assigns, WARRANTS the title to Property to the Government against the lawful claims of all persons whose claims are not based upon liens, encumbrances, easements or reservation specified above.

The Borrower, for itself, its successors and assigns, COVENANTS AND AGREES as follows:

(1)  Borrower will promptly pay any indebtedness secured by this instrument when due.

(2)  Borrower will indemnify the Government against any loss which the Government may incur as a result of making payments to an insured holder of the Note after the Borrower's default.

(3)  Borrower will pay the Government any fees or other charges required under regulations of the Farmers Home Administration.

(4)  Borrower will pay when due all taxes, liens, judgments, encumbrances and assessments lawfully attaching to or assessed against the Property, and, without demand, will also provide the Government with proof of those payments.

(5)  Borrower will pay the Government for any expenses necessary or incidental to (a) the protection of the lien or priority of any Loan Instrument and to (b) the enforcement of or compliance with the provisions of any Loan Instrument.  "Expenses" includes (without limitation) costs of evidence of title, surveys, recording fees, attorneys' fees and trustees' fees, as well as court costs and expenses of advertising, selling and conveying the Property or any portion of it.

LIBER 1359 PAGE 340

(6) Borrower will use the loan evidenced by the Note solely for the purposes authorized by the Government. In the event that all or some portion of the loan funds will be used to pay for the construction of the facility described in the Loan Agreement Borrower agrees to hold such funds in trust as required by Section 13 of the New York Lien Law.

(7) Borrower will keep the Property insured as required by the Government and will deliver the originals of all insurance policies to the Government for safekeeping.

(8) Borrower will comply with all laws, ordinances and regulations affecting the Property and the conduct of Borrower's business operations.

(9) Borrower will maintain the Property in good repair and make any repairs the Government may require.

(10) Borrower will operate the Property in a good and efficient manner and will comply with management plans and practices which the Government may prescribe from time to time.

(11) Borrower will not abandon the Property; effect waste, lessening or impairment of the Property; or cut, remove or lease any timber, gravel, oil, gas, coal or other minerals.

(12) Borrower will not (except in the ordinary course of business) lease, assign, sell, transfer or encumber the Property or any nonexpendable part thereof, voluntarily or otherwise, either in whole or in part, without the prior written consent of the Government.

(13) The property described herein was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitations Act of 1973 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for so long as the purchaser owns it, whichever is longer. So long as the property is used for Rural Rental Housing or similar purposes, borrower will not convey, transfer or dispose of any interest in the land without including a covenant running with the land in the instrument of conveyance which obligate the Grantee, Transferee or Successor in interest to comply with such statutory provisions.

(14) If at any time it shall appear to the Government that the Borrower may be able to obtain a loan from a production credit association, a federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, the Borrower will, upon the Government's request, apply for and accept a loan in sufficient amount to pay the Note and any other indebtedness secured by this instrument and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such a loan.

LIBER 1359 PAGE 341

(15)  The Government may require the Borrower to make additional
monthly payments equal to one-twelfth of the estimated taxes,
assessments, insurance premiums and other charges upon the Property.

(16)  The Government and its agents may inspect the Property at
reasonable times to ascertain whether the Borrower is fulfilling its
obligations under this or any other Loan Instrument.

(17)  The Government may at any time pay as advances for the
Borrower's account any amounts which the Borrower is obligated to pay
under any Loan Instrument.  The Government may exercise this right
regardless of whether the Note is insured and regardless of whether
advances exceed the face amount of the Note.

(18)  All advances by the Government pursuant to the terms of this or
any other Loan Instrument shall bear interest at the rate borne by the
Note which bears the highest interest rate.  Advances, together with
interest accruing on them, shall be immediately due and payable by the
Borrower at the place designated in the latest Note.  Advances by the
Government shall neither relieve the Borrower of its obligation to pay
nor cure any default under any Loan Instrument.

(19)  Except to the extent specified by the Government in writing,
the Government in its sole discretion may grant an extension of the time
for payment or modification of amortization of the indebtedness secured
by any Loan Instrument, release any party from liability to the
Government, release portions of the Property from the lien of any Loan
Instrument, and waive any other Government right under any Loan
Instrument without affecting the lien or priority of any Loan Instrument,
or the liability of the Borrower or any other party for payment of the
indebtedness secured by any Loan Instrument.

(20)  The Government will not be bound by any present or future state
laws (a) providing for valuation, appraisal, homestead or exemption of
the Property; (b) prohibiting or restricting an action for deficiency
judgment or limiting the judgment amount which may be awarded; (c)
prescribing any statute of limitations; (d) allowing any right of
redemption or possession following any foreclosure sale, or (e) limiting
the conditions the Government may impose by regulation as a condition of
approving a transfer of the Property to a new borrower.  THE BORROWER
WAIVES THE BENEFIT OF ANY SUCH STATE LAWS.

(21)  Should the Borrower DEFAULT on any of its obligations under any
Loan Instrument, merge, dissolve, be declared bankrupt or insolvent, or
make an assignment for the benefit of creditors, without Notice the
Government may (a) accelerate the entire indebtedness secured by this
instrument by declaring it immediately due and payable; (b) charge the
Borrower's account for any reasonable expenses which the Government may
pay or incur to maintain and repair the Property; (c) process, operate
and rent the Property; (d) have a receiver appointed for the Property who
may exercise the usual powers of receivers in similar cases; (e)
foreclose this and any other Loan Instrument and sell the Property; (f)
enforce any and all other rights and remedies provided in the Loan
Instruments or by future or present laws.

LIBER 1359 PAGE 342

(22)  Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23)  Proceeds of a foreclosure sale pursuant to any Loan Instrument shall be applied in the following order to the payment of:  (a) costs and expenses incident to enforcing or complying with the provisions of any Loan Instrument; (b) any prior liens required by law or a competent court to be paid; (c) all indebtedness to the Government secured by this instrument; (d) inferior liens of record required by law or a competent court to be paid; (e) at the Government's option, any other indebtedness of the Borrower owing to or insured by the Government, and (f) any balance to Borrower.  At foreclosure or other sale of all or any part of the Property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(24)  If the Government is the successful bidder at a foreclosure sale under any Loan Instrument, any portion of the purchase price not owed to a third party may be paid by crediting that amount on any debts of the Borrower which are owed to or insured by the Government.

(25)  The rights and remedies provided in this instrument are cumulative and shall be in addition to every other remedy now or hereafter existing at law, in equity, by statute or by regulation.

(26)  A waiver, amendment, release or modifications of this instrument may be effected only by a writing which has been duly executed by the Government and shall not be established by conduct, custom or course of dealing.

(27)  This instrument shall be governed by federal law, and shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this instrument.

(28)  Default under this instrument shall constitute a default under any other security instruments of the Borrower held or insured by the Government and default under any other security instrument constitutes default under this instrument.

(29)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(30)  Notices to the Borrower shall be sent to its address as shown on the first page of this instrument.  Notices to the Government shall be addressed to the Farmers Home Administration, United States Department of Agriculture, Room 871, James M. Hanley Federal Building, 100 South Clinton Street, Syracuse, New York  13260.

Notices shall be sent by certified mail (postage prepaid) unless otherwise required by law.  The Government and the Borrower may designate any further or different addresses to which subsequent notices shall be sent.

AND THAT, as construed in Section 254 of the Real Property Law of New York, except to any extent that it conflicts with express provisions of this mortgage:

(31)  Borrower will pay the indebtedness, as hereinbefore provided;

(32)  Borrower warrants the title to the property;

(33)  The holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

(34)  The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20 year period beginning the date of this mortgage (Deed of Trust).  No person occupying the housing shall be required to vacate prior to the close of such 20 year period because of early repayment.  The borrower understands that should an unsubsidized project be converted to subsidized within 15 years from the date the last loan on the project is closed, that the period will be increased by 5 years.  The borrower will be released during such period from these obligations only when the Government determines that there is no longer a need for such housing or that Federal or other financial assistance provided to the residents of such housing will no longer be provided.  A tenant may seek enforcement of this provision as well as the Government.

(35)  The Borrower acknowledges that the Note is given as evidence of a Loan to construct or improve a Rural Rental or Labor Housing project pursuant to Title V of the Housing Act of 1949.  It will provide funds from its own resources to pay any cost to complete such construction or improvements after the maximum debt limit (as determined pursuant to regulations of the Government) has been reached.

IN WITNESS WHEREOF, the Borrower has caused this Mortgage to be executed by its Partner(s) who hereunto set(s) his/their hand(s) and seal(s) as of the date first written above.

LIBER 1359 PAGE 344



SOUTH FALLSBURG, LTD., a limited
partnership

By: E-T-M ENTERPRISES, INC., General
    Partner

    By: _____
        David Mohnke, President

By: INDIANA DEVELOPMENT COMPANY LIMITED
    PARTNERSHIP, General Partner

    By: Warren Real Estate Group, Inc.,
        General Partner

    By: _____
        David Mohnke,
        Authorized Agent

LIBER 1359 PAGE 345

## ACKNOWLEDGEMENT

STATE OF NEW YORK
                              )ss:
COUNTY OF *Orange*

On this _1st_ day of _April_ , 19 88, before me personally came David Mohnke, to me known, who, being duly sworn, did depose and say that he resides in Michigan; that he is the President of E-T-M Enterprises, Inc., the corporation described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

(NOTARIAL SEAL)

_____
NOTARY PUBLIC

My commission expires: _3/30/89_____

RICHARD NEWBERG
Notary Public, State of New York
Sullivan County Clerk's #1044
Commission Expires _10/30/89_

LIBER 1359 PAGE 346

## ACKNOWLEDGEMENT

STATE OF NEW YORK,
                            )ss:
COUNTY OF Orange            )

On this _1st_ day of _April_, 1988, before me personally appeared David Mohnke, to me known, who, being duly sworn, did depose and say that he resides in Michigan; that he is the authorized agent of Warren Real Estate Group, Inc. a general partner of Indiana Development Company Limited Partnership, the Limited Partnership that executed the within instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; that he signed his name thereto by like order; and furthermore acknowledged to me that, by his action, Indiana Development Company Limited Partnership executed said instrument.

(NOTARIAL SEAL)

_____
NOTARY PUBLIC

My commission expires: __3/30/87__

RICHARD NEWBERG
Notary Public, State of New York
Sullivan County Clerk's #1044
Commission Expires 10/30/89

A TRUE RECORD ENTERED __4/4/88__ A)
__2:51 P.m.__ JOE PURCELL, CLERK

STATE OF NEW YORK
SULLIVAN COUNTY ss
RECORDED ON THE
OF
O'CLOCK   MIN LIBER
OF         AT PAGE
AND EXAMINED.

CLERK

RECEIVED
1989 APR -4   PM 2·51
SULLIVAN COUNTY CLERK

OF 6

35 –
st

R/R
Newberg Law Office
33 North St
Monticello, NY 12701

| FOR AGENCY USE ONLY | | | UNITED STATES DEPARTMENT OF AGRICULTURE PURCHASE ORDER | | | | | | |

| 1 PAGE NO. 1 OF 1 | 2 RECEIVING OFFICE NO. | 3 CONTRACT NUMBER | 4 ORDER DATE 060492 | 5 SF—281 | 6 UNIT CODE | 7 FUND CODE TEC | 8 ORDER NUMBER 60-2CEA-2-18004 | 9 SUB. |

**9a TYPE PURCHASE (Check one)**
[X] PURCHASE ORDER    [ ] DELIVERY ORDER

| 10 TO: (Seller's Name, Address, City, State, Zip Code, and Phone No.) | 11 | 11 Consignee, Address, Zip Code, and Place of Inspection and Acceptance |
|---|---|---|
| Joanne Miller, Tax Collector<br>c/o U.S.D.A., Farmers Home Administration<br>Town of Fallsburg<br>P. O. Box 830<br>South Fallsburg, New York 12779   (914) 434-8810 | SHIP TO ▶ | Roy C. Wittich, District Director<br>U.S.D.A., Farmers Home Administration<br>P. O. Box 7145<br>Newburgh, New York 12550 |

PHONE (A/C & No.)  (914) 564-6880    Check One ▶ FTS ▶    COMM ▶ [X]

| 12 LINE ITEM | 13 QUANT. REC'D. | 14 DESCRIPTION | 15 BUDGET OBJECT | 16 ACC LINE | 17 QUANTITY | 18 UNIT ISSUE | 19 UNIT PRICE | 20 AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 01 | | Payment is for 1992 taxes for South Fallsburg Limited Partnership located at Whittaker Road, South Fallsburg, New York owned and mortgaged by South Fallsburg Limited Partnership<br><br>Case # 37-053-382624456 | M2N | 92 | | | | 25426 48 |

| 9a THIS PURCHASE ORDER NEGOTIATED PURSUANT TO AUTHORITY OF 41 U.S.C. 252(e) ). | | | |
|---|---|---|---|
| 1 F.O.B. POINT | 22 DISCOUNT AND/OR NET PAYMENT TERMS | 22a TYPE COMMODITY/ PAYMENT CODE ▶ 0 | 25 |
| 1 DELIVER TO F.O.B. POINT ON OR BEFORE (Date) | 24 SHIP VIA | 26 ESTIMATED FREIGHT | Sub-Total ▶ |
| | | | 27 |
| | | TOTAL ▶ | 25426 48 |

**FORWARD TO:** U.S. DEPARTMENT OF AGRICULTURE, National Finance Center, P.O. Box 60,000, New Orleans, LA 70160

| ACC LINE 2 | A | B | C | D | E | DISTRIBUTION | AMOUNT |
|---|---|---|---|---|---|---|---|
| | —5— | —10— | —5— | —3— | —1—2 | | |

| I certify that articles and/or services annotated above have been received, inspected and accepted as complying with this order. | 31b ORDERED BY (Name and Title) |
|---|---|
| SIGNATURE AND TITLE | Leslie A. Kaplan, District Office Clerk |
| | 31c COMMERCIAL PHONE (Area Code and Number) (914) 564-6880 | 31d FTS PHONE NO. |
| RECEIPT DATE | 34 TYPE SHIPMT | 35 RECEIVING OFFICE PHONE (A/C & No.) | FTS | COMM | 31e AUTHORIZED SIGNATURE |

(SEE COMPLETION INSTRUCTION — REVERSE)       RECEIPT COPY       FORM AD — 838 (REV. 3/84)

| FOR AGENCY USE ONLY | | | UNITED STATES DEPARTMENT OF AGRICULTURE PURCHASE ORDER | | | | | | |

| 1 PAGE NO. 1 OF 1 | 2 RECEIVING OFFICE NO. | 3 CONTRACT NUMBER | 4 ORDER DATE 060492 | 5 SF—281 | 6 UNIT CODE | 7 FUND CODE 01 | 8 ORDER NUMBER 60-2304-2-N003 | 9 SUB. |

9a TYPE PURCHASE (Check one)

| X | PURCHASE ORDER | | DELIVERY ORDER |

10 TO: (Seller's Name, Address, City, State, Zip Code, and Phone No.)
Daniel L. Briggs, Treasurer
c/o U.S.D.A., Farmers Home Administration
County and Town Taxes
County of Sullivan
Monticello, New York 12701   (914) 794-3000 Ext. 5014

11 SHIP TO ▶

Consignee, Address, Zip Code, and Place of Inspection and Acceptance
Roy C. Wittich, District Director
U.S.D.A., Farmers Home Administration
P. O. Box 7145
Newburgh, New York  12550

PHONE (A/C & No.)  (914) 564-6880   Check One ▶  FTS ▶   COMM ▶  X

| 12 LINE ITEM | 13 QUANT. REC'D. | 14 DESCRIPTION | 15 BUDGET OBJECT | 16 ACC LINE | 17 QUANTITY | 18 UNIT ISSUE | 19 UNIT PRICE | 20 AMOUNT | |
|---|---|---|---|---|---|---|---|---|---|
| 01 | | Payments for three years of taxes for South Fallsburg Limited Partnership located at Whittaker Road, South Fallsburg, New York owned and mortgaged by South Fallsburg Limited Partnership | M2N | 92 | | | | 137690 | 98 |
| | | Case # 37-053-382624456 | | | | | | | |
| | | Taxes for 1989 with five percent penalty is $48,011.59 | | | | | | | |
| | | Taxes for 1990 with five percent penalty is $46,947.29 | | | | | | | |
| | | Taxes for 1991 with five percent penalty is $42,732.10 | | | | | | | |

9e THIS PURCHASE ORDER NEGOTIATED PURSUANT TO AUTHORITY OF 41 U.S.C. 252(c)( ).

| 21 F.O.B. POINT | 22 DISCOUNT AND/OR NET PAYMENT TERMS | 22a TYPE COMMODITY/ PAYMENT CODE ▶ 0 | Sub-Total ▶ | 25 | |
|---|---|---|---|---|---|
| 23 DELIVER TO F.O.B. POINT ON OR BEFORE (Date) | 24 SHIP VIA | 26 ESTIMATED FREIGHT | TOTAL ▶ | 27 137690 | 98 |

FORWARD TO: U.S. DEPARTMENT OF AGRICULTURE, National Finance Center, P.O. Box 60,000, New Orleans, LA 70160

| ACC LINE 2 | A | B | C | D | E | DISTRIBUTION | AMOUNT |
|---|---|---|---|---|---|---|---|
| | — 3 — | — 5 — | | — 1 — 2 — | | | |
| | | | | | | | |

I certify that articles and/or services annotated above have been received, inspected and accepted as complying with this order.

SIGNATURE AND TITLE

31b ORDERED BY (Name and Title)
Leslie A. Montol, District Office Clerk

| RECEIPT DATE | 34 TYPE SHIPMT | 35 RECEIVING OFFICE PHONE (A/C & No.) | FTS | COMM | 31c COMMERCIAL PHONE (A/c Code and Number) (914) 564-6880 | 31d FTS PHONE NO. |

31e AUTHORIZED SIGNATURE

(SEE COMPLETION INSTRUCTIONS ON REVERSE)

FORM AD—

UNITED ST
Form
PURCHASE ORDER

PACKAGES, AND PAPERS RELATING
TO THIS ORDER

| | | |
|---|---|---|
| 1 OF 1 | CONTRACT NUMBER | ORDER DATE 070992 | ORDER NUMBER 60-2CE4-2-N0005 | SUB. |

| TYPE PURCHASE (Check one) | | | SELLER'S IDENT. NO. | FORM 1099 | TAXPAYER'S IDENT. NO. |
|---|---|---|---|---|---|
| X | PURCHASE ORDER (See Reverse) | DELIVERY ORDER | 098388088 | X NO | |
| | | | | YES | |

TO: (Seller's Name, Address, City, State, Zip Code, and Phone No.)

Roy C. Wittich
c/o U.S.D.A., Farmers Home Administration
P. O. Box 7145
Newburgh, New York  12550    (914) 564-6880

SHIP TO ►

Roy C. Wittich, District Director
U.S.D.A., Farmers Home Administration
P. O. Box 7145
Newburgh, New York  12550

| LINE ITEM | ACT CODE | DESCRIPTION | QUANTITY | UNIT ISSUE | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 01 | | Payment is for additional interest on 1992 taxes for South Fallsburg Limited Partnership which was paid by above employee, Roy C. Wittich.  The South Fallsburg Limited Partnership is located at Whittaker Road, South Fallsburg, New York, owned and mortgaged by South Fallsburg Limited Partnership.   Case # 37-053-382624456 | | | | 123 42 |

SELLER'S ORIGINAL

THIS PURCHASE ORDER NEGOTIATED PURSUANT TO AUTHORITY OF 41 U.S.C. 252(c)

| F.O.B. POINT | DISCOUNT AND/OR NET PAYMENT TERMS | TOTAL ► |
|---|---|---|
| DELIVER TO F.O.B. POINT ON OR BEFORE (Date) | SHIP VIA | |

| DO NOT SHIP ORDER TO THIS ADDRESS (Ship to Consignee Address Above) | **BILLING INSTRUCTIONS:** No Billing Will Be Submitted in Advance Of Shipment Furnish Invoice With Our ORDER NUMBER To: **U.S. DEPARTMENT OF AGRICULTURE** National Finance Center P.O. Box 60075 New Orleans, Louisiana 70160 |
|---|---|

FAILURE TO SHOW OUR PURCHASE ORDER NUMBER ON INVOICE WILL DELAY PAYMENT
FREIGHT CHARGE OVER $100 REQUIRES BILL OF LADING
IF AVAILABLE, INCLUDE YOUR NINE POSITION DUNS NUMBER ON EACH INVOICE

| ISSUING OFFICE NAME AND ADDRESS | ORDERED BY (Name and Title) |
|---|---|
| Roy C. Wittich, District Director U.S.D.A., Farmers Home Administration P. O. Box 7145 Newburgh, New York  12550 | Leslie A. Kunkel, District Office Clerk COMMERCIAL PHONE (Area Code and Number) AUTHORIZED SIGNATURE |

| ...GENCY USE ONLY | UNITED STATES DEPARTMENT OF AGRICULTURE |
| --- | --- |
| | **PURCHASE ORDER** |

| ...GE NO. | 2 RECEIVING OFFICE NO. | 3 CONTRACT NUMBER | 4 ORDER DATE | 5 SF-281 | 6 UNIT CODE | FUND CODE | 8 ORDER NUMBER | 9 SUB. |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 OF 1 | | | 050195 | 22 | | TH | 60-2CE4-5-N00013 | |

Be TYPE PURCHASE (Check one)  [X] PURCHASE ORDER  [ ] DELIVERY ORDER

10 TO: (Seller's Name, Address, City, State, Zip Code, and Phone No.)
Sullivan County Treasurer
c/o Rural Economic & Comm. Dev., USDA
P. O. Box 7145
Newburgh, NY  12550
(914) 564-6880

SHIP TO ▶

11 Consignee, Address, Zip Code, and Place of Inspection and Acceptance
Roy C. Wittich, District Director
Rural Economic & Comm. Dev., USDA
P. O. Box 7145
Newburgh, NY  12550

PHONE (A/C & No.) (914) 564-6880  Check One ▶ FTS ▶      COMM ▶ [X]

| 12 LINE ITEM | 13 QUANT. REC'D. | 14 DESCRIPTION | 15 BUDGET OBJECT | 16 ACC LINE | 17 QUANTITY | 18 UNIT ISSUE | 19 UNIT PRICE | 20 AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 01 | | For payment of the State, County and Town taxes for 1995 to be charged to the account of:<br><br>SOUTH FALLSBURG LIMITED PARTNERSHIP<br>37-053-382624456   Project #01-9<br><br>Recoverable Cost Item.   To be amortized over 12 months. | N2N1 | | 1 | EA | 20,292.79 | 20,292 79 |

0a THIS PURCHASE ORDER NEGOTIATED PURSUANT TO AUTHORITY OF 41 U.S.C. 252(c)( ).

| 1 F.O.B. POINT | 22 DISCOUNT AND/OR NET PAYMENT TERMS | 22a TYPE COMMODITY/ PAYMENT CODE | Sub-Total ▶ | 25 |
| --- | --- | --- | --- | --- |
| 3 DELIVER TO F.O.B. POINT ON OR BEFORE (Date) | 24 SHIP VIA | 26 ESTIMATED FREIGHT | TOTAL ▶ | 27 20,292 79 |

**FORWARD TO:  U.S. DEPARTMENT OF AGRICULTURE, National Finance Center, P.O. Box 60,000, New Orleans, LA 70160**

| ACC LINE | A | B | C | D | E | DISTRIBUTION | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2 | 5 | 10 | 5 | 3 | 1 2 1 2 | 2 | |

I certify that articles and/or services annotated above have been received, inspected and accepted as complying with this order.
SIGNATURE AND TITLE

31b ORDERED BY (Name and Title)
Leslie A. Clark, District Program Technician
31c COMMERCIAL PHONE (Area Code and Number)
(914) 564-6880
31d FTS PHONE NO.

| RECEIPT DATE | 34 TYPE SHIPMT | 35 RECEIVING OFFICE PHONE (A/C & No.) | FTS | COMM | 31e AUTHORIZED SIGNATURE |
| --- | --- | --- | --- | --- | --- |

**RECEIPT COPY 1**                    FORM AD-838-7 (Rev. 7/90)

| FOR AGENCY USE ONLY | | | UNITED STATES DEPARTMENT OF AGRICULTURE **PURCHASE ORDER** | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

| 1 PAGE NO. 1 OF 1 | 2 RECEIVING OFFICE NO. 231V | 3 CONTRACT NUMBER | 4 ORDER DATE 061797 | 5 SF—281 22 | 6 UNIT CODE | 7 FUND TYPE | 8 ORDER NUMBER 60-231V-7-N1149 | 9 SUB |
|---|---|---|---|---|---|---|---|---|

**8a TYPE PURCHASE (Check one)**

| X | PURCHASE ORDER | | DELIVERY ORDER |
|---|---|---|---|

| 10 TO: (Seller's Name, Address, City, State, Zip Code and Phone No.) | 11 | 7 (Item, Address, City, State, Zip Code and Phone No.) |
|---|---|---|
| Daniel L. Briggs, County Treasurer<br>Government Center<br>100 North Street<br>Monticello, NY 12701<br>914-794-3000 | SHIP TO ▶ | Attn: A. Rogers, Community Development Spec.<br>USDA, Rural Development<br>225 Dolson Avenue, Suite 102<br>Middletown, NY 10940 |

| | PHONE (A/C & No.) 914-343-1872 | Check One ▶ | FTS ▶ | | COMM ▶ | X |
|---|---|---|---|---|---|---|

| 12 LINE ITEM | 13 QUANT. REC'D. | 14 DESCRIPTION | 15 BUDGET OBJECT | 16 ACC LINE | 17 QUANTITY | 18 UNIT ISSUE | 19 UNIT PRICE | 20 AMOUNT | |
|---|---|---|---|---|---|---|---|---|---|
| 01 | | For payment of outstanding real estate taxes for 1996 and 1997 with relevies to be charged to the account of:<br><br>SOUTH FALLSBURG LIMITED PARTNERSHIP<br>37-063-382624456   Project #01-9<br><br>Loan 01     S/B/L 47.1.16.3<br><br>Recoverable Cost Item.   To be amortized over **24 months.** | N2N1 | | 1 | EA | 66,294.91 | 66,294. | 91 |

| 9a THIS PURCHASE ORDER NEGOTIATED PURSUANT TO AUTHORITY OF 41 U.S.C. 252(c)( ). | | | | |
|---|---|---|---|---|
| 21 F.O.B. POINT | 22 DISCOUNT AND/OR NET PAYMENT TERMS | 22a TYPE COMMODITY/ PAYMENT CODE ▶ X | Sub-Total ▶ | 25 |
| 23 DELIVER TO F.O.B. POINT ON OR BEFORE (Date) | 24 SHIP VIA | 26 ESTIMATED FREIGHT | **TOTAL** ▶ | 27 66,294 91 |

**FORWARD TO:** USDA, Office of Finance and Management, National Finance Center, P.O. Box 60000, New Orleans, LA 70160

| ACC LINE 2 | A 5 | B 10 | C 5 | 3 | D 4 | E 4 | 1 2 | DISTRIBUTION 2 | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|

| I certify that articles and/or services annotated above have been received, inspected and accepted as complying with this order.<br>32 SIGNATURE AND TITLE | 31b ORDERED BY (Name and Title)<br>Leslie A. Clark, CDLT |
|---|---|
| | 31c COMMERCIAL PHONE (Area Code and Number)<br>914-343-1872 | 31d FTS PHONE NO. |

| 33 RECEIPT DATE | 34 TYPE SHIPMT | 35 RECEIVING OFFICE PHONE (A/C & No.) | FTS | COMM | 31e AUTHORIZED SIGNATURE |
|---|---|---|---|---|---|

**RECEIPT COPY 2**

FORM AD-838-7 (Rev. 7-90)

 

**USDA**

**Rural Development**

**United States Department of Agriculture**
**Rural Development**
**Syracuse, NY**

January 16, 2007

CERTIFIED MAIL/RETURN RECEIPT REQUESTED

Mr. Arnold Karp, General Partner
South Fallsburg, Ltd
2326 Cheshire Lane
Naples, FL 34109-3372

SUBJECT:    NOTICE OF ACCELERATION OF YOUR DEBT TO THE RURAL HOUSING
            SERVICE (RHS), DEMAND FOR PAYMENT OF THAT DEBT, AND
            NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
            THIS ACTION

Dear Mr. Karp:

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note which evidences
the loan received by you from the United States of America, Rural Housing Service, Rural
Development, United States Department of Agriculture, is now declared immediately due and
payable.  The loan is described as follows:

| **Date of Instrument** | **Amount** |
|---|---|
| April 1, 1988 | $909,990 |

The Galleries of Syracuse, 441 S. Saline Street, Suite 357, 5th Fl
Telephone: (315) 477-6437, • Fax: (315) 477-6438 • TDD: (315) 477-6447
Web: http://www.rurdev.usda.gov/ny • Email: scott.collins@ny.usda.gov

*Committed to the future of rural communities.*

USDA is an equal opportunity provider, employer and lender.
To file a complaint of discrimination, write: USDA, Director, Office of Civil Rights,
1400 Independence Avenue, S.W.,  Washington, DC 20250-9410,
or call (800) 795-3272 (voice) or (202) 720-6382 (TDD).
For braille, large print, audiotape, etc call (202) 720-2600 (voice or TDD)

 

 

The promissory note is secured by real estate mortgage described as follows:

Recorded In:

| Date of Instrument | Place of Recordation | Book No. | Page No. |
|---|---|---|---|
| April 1, 1988 | Sullivan County Clerk's Office | 1359 | 337 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above described real estate instrument.

The reason for this acceleration of your indebtedness is for monetary and non-monetary default. The reasons are as follows:

> Failure to pay real estate taxes when due as required by Covenant 4 of the mortgage
>
> Failure to properly maintain the property as required by Covenant 9 of the mortgage and §3560.103 (a) (3) of RD Instruction 3560.
>
> Failure to remit sufficient funds to repay funds advanced by the Government to pay overdue real estate taxes as required by Covenant 5 of the mortgage causing the loan account to be delinquent. The account is $369,815.24 delinquent as of January 16, 2007.
>
> Failure to make required reserve deposits per Section 5 b of the loan agreement dated January 7, 1987 causing the account to be under funded.

The indebtedness due is $1,045,524.08 unpaid principal, and $312,691.67 unpaid interest, as of January 16, 2007 plus additional interest accruing at the rate of $90.52 per day thereafter, plus any advances to be made by the United States for the protection of its security and interest accruing on any such advances. Unless full payment of your indebtedness is received and all actions as outlined in the attachment entitled "Tenant Protection Actions" are taken within 30 days of the date of this letter, the United States will take action to foreclose the above described real estate instrument, take possession of any project accounts, suspend any rental assistance, cancel any interest credit, notify tenants that foreclosure will be pursued, and pursue any other available remedies. Project rent rate levels shall not be increased due to loss of subsidies. You have the right to appeal this action. See attachment 1-B for your appeal rights.

The acceptance of any partial payment will not cancel the effect of this notice nor will it waive any of the government's rights to enforce its rights. In addition, the tender of or offer to pay the full amount due the Government will be accepted only in accordance with the regulations of the Rural Housing Service governing prepayment. See 7 CFR 3560.

*The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants based on race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), or because all or part of the applicant's income derives from any public assistance program. Department of Agriculture regulations provide that no agency, officer, or employee of the United States Department of Agriculture shall exclude from participation in, deny the benefits of, or subject to discrimination*

 

*any person based on race, color, religion, sex, age, handicap, or national origin under any program or activity administered by such agency, officer, or employee. The Fair Housing Act prohibits discrimination in real estate-related transactions, or in the terms and conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin. If an applicant or borrower believes he or she has been discriminated against for any of these reasons, that person can write the Secretary of Agriculture, Washington, D.C. 20250. Applicants also cannot be denied a loan because the applicant has in good faith exercised his or her rights under the Consumer Credit Protection Act. If an applicant believes he or she was denied a loan for this reason, the applicant should contact the Federal Trade Commission, Washington, D.C. 20580*

UNITED STATES OF AMERICA

Date: _____    BY: _____/S/_____

SCOTT COLLINS
Acting State Director
Rural Development
United States Department
of Agriculture

Attachments

cc:    George Popp, RDM, Middletown
       Bonnie Biel, MFHS, Marcy
       George Von Pless, MFHPD, Syracuse

## TENANT PROTECTION ACTIONS

(1)     Provide the Rural Development Local Servicing Office with a current list of all tenants showing their adjusted incomes.  The Rural Development Local Servicing Office will:

        (a)     Notify tenants that the project is being prepaid;

        (b)     Send eligible tenants in the project Letters of Priority Entitlement (LOPE), for priority placement in other RD projects.

(2)     Extend all tenant leases for 180 days after the date the accelerated loan was paid at the same rental rates and terms that were in effect on the day of the acceleration (If tenant is receiving RA, the tenants' share of the rent will be reflected on the lease.)

(3)     Execute restrictive-use provisions, as appropriate, for incorporation into release of security instruments to be filed (If the loan was made prior to December 21, 1979, no restrictive-use provisions will be included in the releases of security instruments, unless less than one year has elapsed since the date the borrower had submitted a request to prepay the loan(s) under the provisions of RD Instruction 1965-E.)  (NOTE:  Any tenants or applicants for occupancy protected by these restrictions may not have total shelter costs (rent and utilities) raised above 30 percent of adjusted income or current shelter costs, whichever is higher.)  If the initial loan on this project, or any subsequent loan to build or acquire new units, was made on or after December 15, 1989, the restrictive-use provisions will remain for the term of the loan.

## ATTACHMENT 1-B

## ATTACHMENT TO LETTER NOTIFYING CUSTOMERS OF AN ADVERSE DECISION THAT IS APPEALABLE

The decision described in the attached letter did not grant you the assistance you requested or will terminate or reduce the assistance you are currently receiving. If you believe this decision or the facts used in this case are in error, you may pursue any or all of the following three options.

### Option 1 - Informal Review

If you have questions concerning this decision or the facts used making it and desire further explanation, you may write this office to request an informal review. *There is no cost for an informal review.* This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence, and possible alternatives along with your request. You may also have a representative or legal counsel participate in the process, at your cost. The informal review may be conducted by telephone or in person, at the discretion of the Agency. Please include a daytime phone number in your request to arrange for the review. You may skip this step in the informal process and select one of the following two options. If you do, you will automatically waive your right to an informal review.

### Option 2 - Mediation or ADR

You have the right to request mediation or other forms of ADR for the issues that are available for mediation. *You will have to pay for at least 50 percent of the cost of mediation or ADR.* Rural Development will pay for the other 50 percent of the cost, provided the Agency has sufficient resources from its appropriated funds. If the Agency does not have sufficient resources, you will be advised how much, if any, the Agency can contribute to the cost of mediation or ADR. If you need the information to assist you in deciding whether to seek mediation or ADR, you may contact the Rural Development State Director listed below.

If you elect to seek mediation or ADR, your written request for this service must be sent to the Rural Development State Director listed below and must be postmarked no later than 30 days from the date of the attached letter. The Rural Development State Director will advise you of the estimated cost of mediation or ADR, the extent to which the Agency can contribute to the cost, and the process and procedures for this service. In states with a USDA-sponsored mediation program, you will generally be referred to such service. In states without a USDA-sponsored mediation program, you will be provided with the name or names of mediators. You will be advised directly by the mediation or ADR source if they can mediate your case. Once you request mediation or ADR, it stops the running of the 30-day period in which you may request an appeal (described in Option 3). If mediation or ADR does not result in resolution of these issues, you have the right to continue with a request for an appeal hearing as set forth in Option 3.

any written statements or evidence you may provide and any additional information the Hearing Officer thinks necessary.

The Federal ECOA prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission. If a person believes he or she was denied assistance in violation of this law, they should contact the Federal Trade Commission, Washington, D.C. 20580

The Fair Housing Act prohibits discrimination in real estate related transactions, or in the terms of conditions of such a transaction, because of race, color, religion, sex, disability, familial status, or national origin. The federal agency that is responsible for enforcing this law is the U. S. Department of Housing and Urban Development. If a person believes that they have been discriminated against in violation of this law, they should contact the U. S. Department of Housing and Urban Development, Washington, D.C. 20410 or call (800) 669-9777.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

South Fallsburg, Ltd.
Attn: Mr. Arnold Karp, G.P.
2326 Cheshire Lane
Naples, FL 34109-3372

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1010 0004 3021 6712

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540